IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-21678-CIV-SEITZ/O'SULLIVAN

DEVELOPERS SURETY AND
INDEMNITY COMPANY,
a foreign corporation,

    Plaintiff,

v.

ELECTRIC SERVICE & REPAIR, INC.,
a Florida corporation, JESSE JIMENEZ,
and CARMEL JIMENEZ,

    Defendants.
_____/

## AGREED ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER having come before this Court upon the Motion for Preliminary Injunction filed by Plaintiff, DEVELOPERS SURETY AND INDEMNITY COMPANY ("DSI"), against the Defendants, ELECTRIC SERVICE & REPAIR, INC. ("ESR"), JESSE JIMENEZ and CARMEL JIMENEZ (collectively with ESR, the "Defendants"). This Court having considered the substance thereof, having reviewed the allegations of the Motion for Preliminary Injunction [DE-03], Affidavit of Susan Moore in Support of Motion for Preliminary Injunction [DE-3, Ex. A], Complaint for Damages and Equitable Relief [DE-1], Affidavit of Susan Moore in Support of Motion for Partial Default Judgment [DE-14], the statement of uncontested facts in the parties Joint Scheduling Report [DE-18], having received telephonic and email notice that the parties had reached an agreement as to the entry of an injunction, thus permitting cancellation of the November 13, 2009 hearing, and being otherwise and duly advised in the premises hereof, the Court hereby issues the following

findings of fact and conclusions of law in ruling that DSI has satisfied its burden for the entry of the instant Order:

    **a.**     **Likelihood of Success on the Merits.** Pursuant to Florida law, exoneration and *quia timet* are accepted legal principles – at law and at equity – which provide a surety with the right to compel payment by a principal and/or indemnitors after specific demand has been made on the surety, or upon no demand but when reasonable grounds for anticipating that the surety's rights are being jeopardized in a potential loss situation, such as when the principal or indemnitors refuse to post collateral as security for a probable bond liability. *See,* as to exoneration, RESTATEMENT OF THE LAW (THIRD) SURETYSHIP & GUARANTY § 21 (ALI 1996); *United Bonding Ins. Co. v. General Cable Corp.*, 381 F.2d 753 (5th Cir. 1967); *Finkelstein v. Keith Fabrics, Inc.*, 278 F.2d 635 (5th Cir. 1960); *Glades County, Florida v. Detroit Fidelity & Sur. Ins. Co.*, 57 F.2d 449 (5th Cir. 1932); *The Revenue Markets, Inc. v. Amwest Surety Ins. Co.*, 35 F.Supp.2d 899 (S.D. Fla. 1988), *aff'd in part, rev'd in part*, 204 F.3d 1121, 209 F.3d 722, 209 F.3d 725. *See,* as to *quia timet*, *Transamerica Premium Ins. Co. v. Cavalry Constr., Inc.*, 552 So. 2d 225 (Fla. 5th DCA 1989), 74 AM. JUR. 2D §142; *Fireman's Fund Ins. Co. v. S.E.K. Constr. Co.*, 436 F.2d 1345 (10th Cir. 1971); *Morley Constr. Co. v. Maryland Casualty Co.*, 90 F.2d 976 (8th Cir. 1937); *American Surety Co. of New York v. Lewis State Bank*, 58 F.2d 559 (5th Cir. 1932).

    DSI has demonstrated by its Complaint, Motion and Affidavits that it has a clear and recognizable right to exoneration and *quia timet* under the Indemnity Agreement dated December 4, 2007 [DE-1, Ex. B], executed by Defendants in favor of DSI. Specifically, Articles 1, 3, 4 and 14.2 establish a clear and unambiguous right of exoneration and *quia timet*. Moreover, Article 3 establishes that Defendants have contractually agreed that DSI "may seek a mandatory injunction

to compel the deposit of such collateral together with any other remedy at law or in equity that [DSI] may have." Finally, Article 14.9 establishes that Defendants are obligated to provide DSI with complete access to the Defendants' books, records and accounts. Thus, based upon the pleadings currently before the Court, it appears that DSI has a high likelihood of success on the merits of its claims.

  b. **<u>Irreparable Injury.</u>** DSI has established, by its Complaint, Motion and Affidavits, a belief by the Court that absent the entry of the requested relief, DSI will suffer irreparable damage and loss because of its likely inability to be secured in advance against claims and losses, and Defendants be left free to sell, transfer, dispose of, lien, secure or otherwise divert or conceal their assets from being used to discharge their obligations to exonerate and indemnify DSI. Moreover, the Court recognizes that the use of injunctive relief is appropriate to protect the surety's contractual, common-law and equitable rights of exoneration and *quia timet*. *See Liberty Mutual Ins. Co. v. Aventura Engineering & Construction Corp.*, 534 F. Supp. 2d 1290 (S.D. Fla. 2008); *Canal Authority of State of Fla. v. Calloway*, 489 F.2d 567 (5th Cir. 1974); *Louis v. Meissner*, 530 F. Supp. 924 (S.D. Fla. 1981). *See also Northwestern National Ins. Co. of Milwaukee, Wisconsin v. Barney*, 1988 WL 215411 (N.D. Ohio 1988); *Wingsco Energy One v. Vanguard Groups Resources 1984, Inc.*, 1989 WL 223756 (S.D. Tex. 1989). Accordingly, the Court finds that should the Court not grant the instant Motion, DSI's rights to contractual and common law exoneration and *quia timet* will be irreparably and forever lost, despite the parties clear and distinct contractual agreement that such rights should be afforded every legal protection.

  c. **<u>Potential Harm to Defendants.</u>** While the Court recognizes that entry of the instant Order may temporarily prevent the Defendant from the sale and/or transfer of their personal and

corporate assets, the Court finds that such harm is substantially outweighed by the potential irreparable injury which might be caused to DSI should the Order not be entered. Furthermore, the Court finds that such possible harm which might be suffered by the Defendants will be sufficiently covered by the Injunction Bond required of DSI.

    d.    **Public Interest.** Finally, the Court finds that the entry of the instant Order will have no significant impact upon the public interest. The specific relief requested herein relates solely to Defendants, and will have no direct or indirect effect upon the public at large. Moreover, to the extent that the public has *any* interest in the instant proceedings, such interest would be in seeing that contractual agreements between parties are upheld and in the continued solvency of surety companies for the public benefit. *See Liberty Mutual Ins. Co. v. Aventura Engineering & Construction Corp.*, 534 F. Supp. 2d 1290 (S.D. Fla. 2008).

Based upon the foregoing, it is **ORDERED AND ADJUDGED as follows:**

1.    Plaintiff's Motion for Preliminary Injunction [DE-3] is hereby **GRANTED,** effective as of 2:50 p.m. on this 13th day of November, 2009. The Order shall remain effective pending further order of this Court.

2.    The Court hereby directs DSI, within ten (10) days of the date of this Order, to file an Injunction Bond in the amount of $100,000, issued by a surety approved by the Clerk of the United States District Court for the Southern District of Florida, which Injunction Bond the Court finds sufficient, pursuant to Rule 65(c), Fed. R. Civ. P., to satisfy "the payment of such costs and damages as may be incurred by any party who is found to have been wrongfully enjoined or restrained." The Court hereby reserves the right to require the posting by DSI of such additional

amounts as may at any time be deemed necessary by the Court. Any and all bonds filed in this matter shall be retained by the Clerk of the Court pending further order of this Court.

3. Defendants are hereby ordered, within ten (10) days of the date of this Order, to post collateral with DSI in the amount of Three Hundred Seventy Thousand and 00/100 Dollars ($370,000.00), as security against any actual and/or potential losses and/or expenses incurred by DSI in connection with its issuance of the subject bonds, and to provide sufficient assets for DSI to pay losses and/or expenses before DSI must pay same with its own funds.

4. Defendants, Electric Service & Repair, Inc., Jesse Jimenez and Carmel Jimenez, are hereby restrained, enjoined and prohibited from undertaking any of the following actions:

   a. Selling, encumbering, disposing of, transferring, gifting, or assigning to any person or entity any interest that Defendants own or possess, individually or jointly, in any real property, personal property, or cash, without further leave of Court; and

   b. Selling, disposing of, transferring, gifting, paying or assigning to any person or entity any intangible assets, including but not limited to stocks, bonds, securities, notes, mortgages, bank or financial institution accounts, mutual fund accounts, accounts receivable or any other form of indebtedness owing to Defendants, individually or jointly, without further leave of Court; and

   c. Allowing Defendants to make such payments as are ordinary, typical and necessary for their regular living expenses or the servicing of any secured debts, but not to undertake any new such expenses or debts without further leave of Court.

5. Defendants are hereby ordered, within five (5) days of the date of this Order, to produce to DSI for inspection and copying, any and all "books, records, credit reports and accounts"

of the Defendants, jointly and severally, for the purpose of allowing DSI to analyze the merits of any claims against the subject bonds, and in furtherance of DSI's efforts to secure itself against loss under the Indemnity Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this $13^{TL}$ day of November, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:
Counsel of Record